UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**HOPE KIRUNGE SMITH,**                                    Chapter 13
    Debtor                                                    Case No. 08-15078-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~

# MEMORANDUM

**I. INTRODUCTION**

    The matter before the Court is the Objection filed by GMAC Inc., now known as Ally Financial Inc. ("GMAC"), to the Post-Confirmation Fourth Amended Chapter 13 Plan filed by Hope Kirunge Smith (the "Debtor"). The Court heard the Objection on October 20, 2011 and directed to the parties to file briefs by November 21, 2011. That deadline was extended at the parties' request to December 21, 2011.

    The issue to be determined is whether a secured creditor with a so-called "910-day car claim" is entitled to a unsecured claim after a surrender and sale of the vehicle which results in the a debtor's inability fully satisfy the loan. A subsidiary issue is whether GMAC is barred from objecting to the Debtor's Post-Confirmation Fourth Amended Plan because that plan's provisions regarding the treatment of GMAC's claim are identical to the treatment afforded GMAC in the Debtor's confirmed, Post-Confirmation Third Amended Plan. The material facts necessary to decide the issue are not in dispute, and

1

neither the Debtor nor GMAC requested an evidentiary hearing. The Court now makes its findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052.

## II. BACKGROUND

This Debtor filed a Chapter 7 petition on July 10, 2008. Shortly thereafter, she moved to convert her Chapter 7 case to a case under Chapter 13. Her motion was granted on July 22, 2008. On August 28, 2008, she filed Schedules, a Statement of Financial Affairs and a Chapter 13 Plan. On Schedule B-Personal Property, she listed a 2004 Cadillac Escalade (the "vehicle"), which she valued at $14,085. On Schedule D-Creditors Holding Secured Claims, she listed GMAC as the holder of a claim in the sum of $34,743 secured by the vehicle.

On or about August 28, 2008, GMAC filed a proof of secured claim in the amount of $35,463.43 arising from a purchase-money promissory note secured by the vehicle. The parties do not dispute that the claim is a 910-day car claim within the meaning of the "hanging paragraph" of 11 U.S.C. § 1325(a)(5).[1] GMAC has never amended its proof of

---

[1] Section 1325(a)(5) provides in relevant part:

(5) with respect to each allowed secured claim provided for by the plan--

    (A) the holder of such claim has accepted the plan;

    (B)(i) the plan provides that--

        (I) the holder of such claim retain the lien securing such claim until the earlier of--
            (aa) the payment of the underlying debt determined under nonbankruptcy law; or

claim to assert an unsecured deficiency claim. At the time of the October 20, 2011 hearing,

---

              (bb) discharge under section 1328; and

      (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

  (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

  (iii) if--

      (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
      (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or

(C) the debtor surrenders the property securing such claim to such holder;

For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day period preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

11 U.S.C. § 1325(a)(5).

3

the parties represented that GMAC was in the process of obtaining possession of the vehicle for purposes of sale. While the parties agreed that there will be a deficiency, the precise amount of the deficiency claim has not been set forth in an amended proof of claim.

On September 7, 2008, the Debtor filed a Second Chapter 13 Plan in which she proposed to pay GMAC $34,743 through her 60-month Plan. GMAC objected to the Plan, stating that it was owed an unpaid balance of $35,463.43 under its retail installment sale contract with the Debtor, which it attached to its Objection. On November 13, 2008, the Court sustained GMAC's Objection and ordered the Debtor to file an amended plan by December 12, 2008. Subsequently, the Debtor filed a series of amended plans. The Court, on May 29, 2009, confirmed the Debtor's Second Amended Plan, which provided that GMAC would retain its lien and that the Debtor would pay GMAC $35,463.43 in monthly installments of $591.06 over 60 months.

On December 15, 2009, the Debtor filed a Post-Confirmation Third Amended Chapter 13 Plan through which she proposed to surrender the vehicle. Pursuant to that plan, she indicated that there would be no dividend to unsecured creditors. Specifically, in Part VI.B.1 of the plan, she provided the following treatment with respect to GMAC's claim: "The 2004 Cadillac Escalade shall be surrendered to lien holder GMAC in full satisfaction of GMAC's claim." In addition, in Part VI.C, she also provided: "2004 Cadillac Escalade to be surrendered in full satisfaction of GMAC's Claim." Additionally, in Part V.A of her plan, the Debtor set forth the three unsecured claims that survived objections to claims, namely claim numbered 5, 11, and 16, totaling $17,793.21. GMAC was not listed

4

as a holder of an allowed unsecured claim because, according to the Debtor, her Chapter 13 plan provided for full satisfaction of GMAC's claim through surrender of the collateral.[2]

On January 5, 2010, GMAC moved for relief from the automatic stay. The Court granted its Motion, in the absence of any objections, on January 21, 2010.

On January 20, 2010, in the absence of any objections and after proper notice, the Court granted the Debtor's Motion to Amend her Chapter 13 Plan (i.e., the Post-Confirmation Third Amended Chapter 13 Plan).[3] On May 19, 2010, approximately four months after GMAC obtained relief from the automatic stay, the Court entered an amended order confirming the Debtor's Third Amended Post-Confirmation Chapter 13 Plan, which provided: "[t]he secured claim of GMAC [is] decreased from $35,463.43 to $4,824.20, the amount the Trustee has paid to date. The Debtor is surrendering the 2004 Cadillac Escalade." As noted above, the plan provided for a zero percent dividend to general unsecured creditors.

In July of 2010, the Debtor moved to employ special counsel under a contingency fee agreement in connection with claims for wrongful termination and overtime wages

---

[2] GMAC received ample notice of the proposed Post-Confirmation Third Amended Plan, as it was represented by counsel from the earliest stages of proceedings who was served electronically with all pleadings requiring such service, including the 2009 Amended Plan. In addition, the 2009 Amended Plan was also served upon GMAC via first class mail at five different addresses. GMAC did not object to confirmation of this plan within the applicable 30 day objection period, or at any time thereafter.

[3] The Debtor served GMAC at three separate addresses, as well as its attorney, Michael Lushan, Esq.

against an employer. The Debtor was successful with respect to her claims. On November 16, 2010, the Debtor filed a Motion to Approve the Settlement Agreement in which she represented that the proceeds "would allow a 100% payment of all allowed claims, including a 100% dividend on the allowed claims of the general unsecured creditors, over the remaining term of the Plan." On December 17, 2010, The Court approved a settlement agreement, the terms of which were impounded pursuant to an order of the Court dated December 6, 2010.[4]

On June 22, 2011, the Debtor filed her Post-Confirmation Fourth Amended Chapter 13 Plan in which she prosed to treat GMAC's claim in the same manner as under her Post-Confirmation Third Amended Chapter 13 Plan. GMAC filed an Objection to confirmation, which is now before the Court.

In her Memorandum in Support of her Opposition to GMAC's Objection to confirmation of her Post-Confirmation Fourth Amended Plan, the Debtor recognized that "[o]n April 13, 2010, a separate Chapter 13 proceeding by the co-owner of the Cadillac stayed GMAC's ability to take possession of the vehicle."[5] As noted above, as of October

---

[4] Although the amount of the settlement is impounded, special counsel was awarded fees in excess of $175,000.

[5] The Court takes judicial notice that the co-owner of the vehicle, Avery Goldman, filed a Chapter 13 petition on April 13, 2010 (Case No. 10-13923-JNF). On June 12, 2012 he withdraw his response to GMAC's objection to his Chapter 13 Plan in which he indicated that he would surrender the vehicle, which is titled in the Debtor's name. On the same day, he filed a First Amended Chapter 13 Plan, which provides:

> Collateral vehicle will be surrendered pursuant to 11 USC 1325(a)(5)(C), in full satisfaction of the creditor's secured claim. Creditor shall have the

20, 2011, GMAC had still not obtained possession of the vehicle.

Prior to the deadline for submission of briefs, the Debtor, on December 15, 2011, filed an Expedited Motion for Ruling on Objection to Confirmation on Other Grounds. She asserted that GMAC either waived or is bound by the res judicata effect of the Court's May 19, 2010 order confirming her Post-Confirmation Third Amended Chapter 13 Plan. The Court denied the Debtor's Motion on grounds asserted by GMAC, namely that the Expedited Motion was a futile and a last ditch attempt to avoid briefing the issue of its entitlement to a deficiency with respect to its 910-day car claim. Although the Debtor did not appeal the denial of her Expedited Motion, she raises the issue again her brief.

## III. DISCUSSION

A. <u>Does GMAC Have An Unsecured Claim?</u>

The first issue before the Court is whether the so-called "hanging paragraph" of 11 U.S.C. § 1325(a)(5) deprives GMAC of an unsecured claim upon surrender of the vehicle subject to a 910-day car claim. Seven circuit courts of appeals have answered the question in the negative. *See* <u>AmeriCredit Fin. Servs., Inc. v. Tompkins</u>, 604 F.3d 753 (2d Cir. 2010) (after repossession of vehicle which was subject to hanging paragraph, the lender had the right to file an unsecured deficiency claim); <u>DaimlerChrysler Fin. Servs. Americas, LLC v.</u>

---

    right to file an amended Proof of Claim reflecting any unsecured
    deficiency balance owed.

The co-debtor proposes to pay unsecured creditors a zero percent dividend. GMAC obtained relief from the automatic stay in the co-debtor's case on July 5, 2011. Although in its proof of claim filed in the co-debtor's case, it asserted a secured claim in the sum of $21,425 and an unsecured claim in the sum of $14,398.76.

Miller (In re Miller), 570 F.3d 633 (5th Cir. 2009) (applying state law to the issue of surrendering the vehicle in full repayment of debt); DaimlerChrysler Fin. Servs. Americas, LLC v. Barrett (In re Barrett), 543 F.3d 1239 (11th Cir. 2008) (surrender results in an unsecured deficiency claim for the creditor); Tidewater Fin. Co. v. Kenney, 531 F.3d 312 (4th Cir. 2008) (debtor may not defeat unsecured deficiency claim under the hanging paragraph); DaimlerChrysler Fin. Servs. Americas, LLC v. Ballard (In re Ballard), 526 F.3d 634 (10th Cir. 2008) (deficiency claim remaining after sale of 910 car is a question of state and contract law and not bankruptcy law); AmeriCredit Fin. Servs., Inc. v. Long (In re Long), 519 F.3d 288 (6th Cir. 2008) (lead opinion agreeing with In re Wright, *infra*); AmeriCredit Fin. Servs., Inc. v. Moore, 517 F.3d 987 (8th Cir. 2008) (hanging paragraph does not extinguish a secured creditor's post-surrender deficiency for 910 vehicles; the deficiency claim is an unsecured claim); Capital One Auto Fin. v. Osborn, 515 F.3d 817 (8th Cir.2008). and In re Wright, 492 F.3d 829 (7th Cir. 2007) (upon surrender of a 910 vehicle the debtor remains liable to the creditor for a deficiency claim pursuant to state and contract law). No courts of appeals have answered the question in the affirmative.

The authors of a treatise on bankruptcy law have observed:

> Several of the appellate courts relied on what they perceive to be the plain language of the statute, which in their view, simply renders inapplicable the remedy of lien stripping set forth in Code § 506(a) and (d) and does not specifically state that a 910 car claim is satisfied by surrender, emphasizing that where bankruptcy law does not address an issue of debtor creditor rights, the issue is to be determined in accordance with state law, and there was nothing in the statute to indicate the deficiency claim would not survive a surrender. Several other courts adopting this view rely on legislative intent to protect vehicle lenders in support of the preservation of a secured creditor's unsecured deficiency claim. One court has rejected a literal

> interpretation of the statute, finding a drafting error which would cause an absurd result. Virtually all bankruptcy courts considering the issue have reached the opposite result, namely, that the deficiency claim resulting from the surrender of a vehicle subject to the provisions of the hanging paragraph is extinguished as a matter of law. These courts reason that no deficiency claim arises under the hanging paragraph because the terms of the statute unambiguously state that Code § 506 does not apply and the claim cannot be bifurcated into secured and unsecured portions under Code § 506(a) and (d) and thus the vehicle may be surrendered in full satisfaction of the claim.

Hon. Nancy C. Dreher and Hon. Joan N. Feeney, *Bankruptcy Law Manual* § 13:39 (5th ed. Dec. 2010). Moreover, as the Eleventh Circuit observed in Long, "the hanging-sentence architects intended only good things for car lenders and other lienholders." 519 F.3d at 294 (citation omitted).

In view of the weight of circuit court authority, this Court predicts that the United States Court of Appeals for the First Circuit would adopt some or all the rationales employed by its sister courts, and reject decisions from bankruptcy courts in other circuits refusing to permit the holders of 910-day vehicle claims to assert unsecured deficiency claims. Accordingly, the Court concludes that GAMC is entitled to assert its state law right to a deficiency claim pursuant to its retail installment sale contract (¶ 4.f.) and Mass. Gen. Laws ch. 106, § 9-615.

**B.** Did GMAC Waive Its Claim or Is It Barred from Objecting to the Plan?

The United States Bankruptcy Appellate Panel for the First Circuit in In re Flynn, 402 B.R. 437 (B.A.P. 2009), considered the significance of a creditor's failure to object to confirmation of a Chapter 13 plan. It observed:

> [T]he courts that have considered the question have overwhelmingly concluded that a secured creditor's lack of objection may constitute

9

> acceptance of the plan for purposes of § 1325(a)(5)(A). *See* In re Szostek, 886 F.2d 1405, 1412–13 (3d Cir.1989); In re Tonioli, 359 B.R. 814, 817–18 (Bankr. D. Utah 2007); In re Schultz, 363 B.R. 902, 907 (Bankr. E.D. Wis. 2007); In re Wallace, 2007 WL 3531551 (Bankr. M.D.N.C. Nov.12, 2007), 8 *Collier on Bankruptcy* ¶ 1325.06[c][2] (15th ed. rev.2008); 5 Keith M. Lundin, *Chapter 13 Bankruptcy* § 445.1 (3d ed.2000 & Supp.2004); *see also* In re Gray, 2008 WL 5068849 (Bankr. D.P.R. Nov. 25, 2008) (denying confirmation of chapter 13 plan where balloon payment violated § 1325(a)(5)(B)(iii)(I) and secured creditor had objected, expressly declining to adopt proposition that confirmation may be denied absent objection); In re Espinoza, 2008 WL 2954282, at *2–3 (Bankr. D. Utah Aug. 1, 2008) (denying confirmation of chapter 13 plan because balloon payment violated § 1325(a)(5)(B)(iii)(I) and secured creditor objected to plan); *but cf.* In re Montoya, 341 B.R. 41, 46 (Bankr. D. Utah 2006); In re Ferguson, 27 B.R. 672, 673 (Bankr. S.D. Ohio 1982).

402 B.R. at 443 (footnote omitted). The panel added: "We adopt the Third Circuit's view that acceptance may occur upon a secured creditor's failure to file a timely objection to a chapter 13 plan. Id. at 444 (citing In re Szostek, 886 F.2d 1405, 1414 (3d Cir. 1989)). *But see* In re Gusmao, No. 09-18401-FJB, 2010 WL 4918978 (Bankr. D. Mass. Nov. 29, 2010). In Gusmao, the court stated:

> Deutsche Bank did timely object to the current iteration of the plan. Its objection to an earlier version of the plan was untimely, but that iteration of the plan is not now before the court. Moreover, in view of Deutsche Bank's objection to the treatment of its secured claim, its failure to object timely to the earlier plan clearly was not indicative of assent. In In re Flynn, . . . , the Bankruptcy Appellate Panel did not hold—as the debtor urges—that a lack of objection was the equivalent of an assent, only that, assuming proper and adequate notice and service, a secured creditor's failure to object creates a "presumption" of acceptance under 11 U.S.C. § 1325(a)(5)(A). . . . A presumption is rebuttable. Where there is contrary evidence, such as a late-filed objection, a court may justifiably conclude that the secured creditor's earlier silence was not indicative of acceptance. In view of Deutsche Bank's late-filed objection to the original plan and timely objection to the present amended plan, this court does find and conclude that Deutsche Bank has not accepted the proposed treatment of its claim.

2010 WL 4918978 at *1.

The facts in Gusmao are somewhat similar to the facts in the instant case. There can be no question that GMAC did not object to the Debtor's Post-Confirmation Third Amended Plan, having received more than adequate notice. Pursuant to the Post-Confirmation Third Amended Chapter 13 Plan, GMAC retained $4,824.20 which had been disbursed by the Trustee, while the holders of unsecured claims were projected to receive nothing. The Court infers that GMAC did not object to the Debtor's proposed treatment of its 910-day car claim because the Debtor represented through her plan that she had insufficient income (or other assets) to permit a distribution with respect to unsecured claims, including GMAC's as yet to be determined unsecured deficiency claim. In other words, under the totality of the circumstances that existed in December of 2009 when the Debtor filed her Third Amended Post-Confirmation Chapter 13 Plan and the date of confirmation of that plan on May 19, 2010, this Court cannot conclude that GMAC intentionally and voluntarily relinquished the right to assert a deficiency claim. At that time, there appeared to be no likelihood that it would receive a distribution on any deficiency claim which it might file. In addition, prior to confirmation of the Debtor's Post-Confirmation Third Amended Chapter 13 Plan, it sought and obtained relief from the automatic stay without opposition from the Debtor. Finally, although the Debtor indicated an intention to surrender the vehicle and obtained confirmation of a plan predicated upon that provision, at the time of the October 20, 2011 hearing, GMAC still had not obtained possession of the vehicle. Accordingly, the Court reiterates its decision permitting GMAC

to prosecute its Objection to the Debtor's Post-Confirmation Fourth Amended Chapter 13 Plan. Accordingly, the Court rejects the Debtor's assertion that GMAC waived its right to object to the present plan.

Section 1329 of the Bankruptcy Code provides in relevant part:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to —

>(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

>(2) extend or reduce the time for such payments;

>(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan. . . .

11 U.S.C § 1329(a). Section 1329(b) provides that 11 U.S.C. §§ 1322(a), 1322(b), 1323(c), and 1325(a) apply to any modification.

The Debtor's financial circumstances changed dramatically between the order confirming the Post-Confirmation Third Amended Chapter 13 plan on May 19, 2010 and June 22, 2011 when the Debtor filed the plan which is now before the Court. That change in circumstance resulting from her receipt of significant settlement proceeds required her to propose a plan providing for the payment of all allowed unsecured claims in order to comply with 11 U.S.C. § 1325(a)(4). *See* 11 U.S.C. § 1329(b)(1). Because of the Debtor's changed circumstances, as well as because of the overwhelming weight of authority permitting a creditor with a 910-day car claim to assert a deficiency claim, the Court shall

permit GMAC to amend its proof of claim under 11 U.S.C. § 502(j).

In <u>In re Palmer</u>, 419 B.R. 162 (Bankr. N.D.N.Y. 2009), the court observed:

> Section 1329(a)(3) may seemingly allow a surrender by taking account of a payment (i.e., the return of the vehicle) other than under the plan. However, if the modified plan itself proposed the surrender, then the debtor would not have met the statute's requirement of having rendered a "payment . . . other than under the plan" that would then trigger a modification "to the extent necessary to take account of [the payment outside of the plan]."

419 B.R. at 164. At first blush, it would appear that GMAC, if it moved for a modification of the Debtor's plan, would not be able to do so because the Debtor's Post-Confirmation Third Amended Chapter 13 Plan provided for the surrender fo the vehicle. GMAC, however, obtained relief from the automatic stay prior to confirmation of the Debtor's Third Amended Post-Confirmation Chapter 13 Plan, and, at the time the Debtor filed her Fourth Amended Post-Confirmation Chapter 13 Plan in June of 2011, the surrender had not been effectuated. Indeed, it had not been effectuated in October of 2011 when the Court heard GMAC's Objection.

In <u>Palmer</u>, the court further observed:

> If the surrender, however, is on consent or the result of a creditor's [§]362 lift stay motion, then after the liquidation of the collateral and application of the proceeds to the secured claim, the issue then shifts to the reclassification of the balance of the claim. The court agrees . . . that reclassification in such a situation springs from section 502(j), not section 1329. "Section 502(j) has two prongs: a claim may be reconsidered if 'cause' exists and then substantively decided based on the equities of the case." "Cause would be shown by the lack of any collateral to secure the claim. . . . The variable that would go to the heart of the issue would be the equities of the case." (citation omitted). Debtors bear the burden of convincing the court that the equities tilt in their favor.

419 B.R. at 164-65 (citations omitted, footnote omitted). In the instant case, the Debtor's

13

Third Amended Post-Confirmation Chapter 13 Plan, which was filed on December 15, 2009 and provided for the surrender of the vehicle in full satisfaction of GMAC's claim had not been implemented almost two years later. GMAC filed a motion for relief from stay in the instant case before the entry of the order of confirmation of the Third Amended Post-Confirmation Chapter 13 Plan, as well as in the bankruptcy case of the co-debtor, yet it had not received payment of the liquidation value of the vehicle either under or outside the Debtor's plan. Under those circumstances, the Debtor's assertion that this Court should apply the principle of res judicata to the Amended Confirmation Order dated May 19, 2010 as a result of the provisions of 11 U.S.C. § 1327 is unwarranted at best and evidence of bad faith at worse. *See* In re Barbosa, 236 B.R. 540 (Bankr. D. Mass. 1999), *aff'd,* 235 F.3d 31 (1st Cir. 2000).[6]

---

[6] In Barbosa, this Court stated:

> Section 1327 of the bankruptcy code provides that "the provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan and whether or not such creditor has objected to the plan." § 1327. Congress, however, also provided a mechanism to change the binding effect of § 1327 when it passed § 1329 to allow for modifications. "If the drafters of the Bankruptcy Code intended for a confirmation hearing to have res judicata effect, there would be little or no reason for Section 1329." Moreover, congress could have specifically imposed a precondition to a § 1329 modification, but it did not do so. In fact, where it deemed it appropriate, Congress has specifically provided a "change in circumstance" prerequisite under another provision of the Bankruptcy Code. § 1328(b). This provision makes it clear that congress did not intend the common law doctrine of res judicata to apply to § 1329 modifications.

236 B.R. at 547 n.8 (quoting In re Witkowski, 16 F.3d 739, 745 (7th Cir. 1994)). *See also* Barbosa v. Solomon, 235 F.3d at 38-39.

## IV. CONCLUSION

In view of the foregoing, the Court sustains GMAC's Objection to the Debtor's proposed Fourth Amended Post-Confirmation Chapter 13 Plan. The Court orders GMAC to file an amended proof of claim within 30 days of the date of the sale of the vehicle. The Court further orders the Debtor to file an amended Chapter 13 plan within 30 days of the date of the filing of the amended proof of claim by GMAC, failing which the Court shall dismiss the Debtor's Chapter 13 case.

By the Court,

*[signature: Joan N. Feeney]*

Joan N. Feeney
United States Bankruptcy Judge

Dated: February 6, 2012